# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE DANIEL MORGAN,<br><br>    Plaintiff,<br><br>v.<br><br>M.G. MARTINEZ, et al.,<br><br>    Defendants. | Case No. 1:18-cv-01047-LJO-BAM (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ON COGNIZABLE CLAIM<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Wayne Daniel Morgan ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's complaint, filed on August 3, 2018, is currently before the Court for screening. (ECF No. 1.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the California Correctional Institution in Tehachapi, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at the Sierra Conservation Center. Plaintiff names Correctional Officer M.G. Martinez, along with Warden Hunter Anglea and John Does 1-5 (Kitchen staff), as defendants.

Claim I

In Claim I, Plaintiff asserts deliberate indifference to his medical needs in violation of the Eighth Amendment. Plaintiff alleges as follows:

> On May 29, 2017, at approximately 1615 hours, plaintiff was working in the Facility "C" Dining Room's scullery, washing trays when, due to a faulty machine in poor repair, he had a large amount of highly caustic chemical (Power Wash) splashed in his face and eyes. Plaintiff was not wearing eye protection of any type because the institution did not supply eye protection for its workers or require eye protection when working the scullery. Partially blinded by the caustic chemicals and in great pain from the chemical burns on his face, plaintiff called out to his fellow workers (i/m Manual & Gabbard) to get help and notify C/O Martinez of the medical emergency. C/O Martinez (who was the culinary officer & plaintiff's supervisor) failed to respond and stated plaintiff should wait until chow was over before going to medical. Twice C/O Martinez was notified of the medical emergency and twice plaintiff was ordered to wait before going to medical. Plaintiff was denied timely medical attention despite his obvious pain & suffering and chemical burns to his eyes and face. Plaintiff had not access to an emergency eye-wash station or medical care at this time. Approximately two (2) hours later,

> plaintiff was allowed to go to medical and was subsequently transported to an outside hospital for medical care.

(ECF No. 1 at 3.) Plaintiff contends that because Defendant Martinez failed to respond to the medical emergency when notified, he sustained chemical burns to his eyes and face, along with a permanent impairment to his vision.

### Claim II

In Claim II, Plaintiff asserts a threat to his safety in violation of the Eighth Amendment, along with a claim for retaliation against Defendant Martinez. Plaintiff alleges as follows:

> Immediately after the accident and plaintiff's return from the hospital, plaintiff was informed that C/O Martinez had recruited other inmates to assault him in order to quiet him and keep him from filing a complaint regarding Martinez' failure to respond to the medical emergency and his indifference to plaintiff's injury and suffering. Twice, over the next few days, other inmates recruited by Martinez attempted to assault plaintiff. Eventually, Internal Affairs (ISU Officers Nall, Smith, and Sgt. Tweety) called [plaintiff] in for an interview and informed [him] that they were investigating allegations against C/O Martinez for inciting violence and recruiting inmates to assault other inmates. Because of their concerns for my safety, [plaintiff] was immediately transferred to another institution. This transfer was the direct result of C/O Martinez' threats of physical violence and retaliation for my complaint against him. The emergency/safety transfer has had an adverse effect on [plaintiff's] rehabilitation program and the efforts [he has] made to earn an early release.

(ECF No. 1 at 4.)

### Claim III

In Claim III, Plaintiff asserts a claim for denial of basic necessities in violation of the Eighth Amendment against Defendant Warden and Defendants John Does (Kitchen Staff). Plaintiff alleges as follows:

> The warden and kitchen staff at Sierra Conservation Center, and CDCR are all [culpable] for the injuries to plaintiff's eyes and the chemical burns to his face. Had plaintiff had immediate access to an emergency eye-wash station and prompt medical attention, the chemical burns to his face and eyes would have been minimized and the injuries less severe. Because there was no emergency eye-wash stating installed in the kitchen scullery area, plaintiff had no way to flush the caustic chemicals from his eyes and face. In addition, because C/O Martinez made plaintiff wait almost two (2) hours for medical care, plaintiff suffered permanent loss of vision and severe pain.

3

Plaintiff is now forced to wear eye-glasses and has limited night-vision. Furthermore, the scullery machine plaintiff was forced to work with needed repairs and was long over-due for [maintenance]. The machine's poor working condition contributed to the cause of the accident.

(ECF No. 1 at 5.)

Relief

Plaintiff seeks compensatory, punitive and future damages.

**III.   Discussion**

**A.   Eighth Amendment – Deliberate Indifference to Medical Needs**

In Claim I, Plaintiff forwards a claim against Defendant Martinez for deliberate indifference to serious medical needs in violation of the Eighth Amendment. A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06).

At the pleading stage, the Court finds that Plaintiff has stated a cognizable claim for

4

deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendant Martinez.

### B. Eighth Amendment – Assault by Inmates

In Claim II, Plaintiff alleges a threat to his safety in violation of the Eighth Amendment against Defendant Martinez based on assertions that Defendant Martinez recruited other inmates to assault Plaintiff.

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle, 429 U.S. at 105–06. In order to prevail on a cruel and unusual punishment claim, a prisoner must prove that objectively he suffered a sufficiently serious deprivation and that subjectively prison officials acted with deliberate indifference in allowing or causing the deprivation to occur. See Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 298–99 (1991). Further, "'prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners.'" Farmer, 511 U.S. at 833 (ellipsis in original; citation omitted).

At the pleading stage, the Court finds that Plaintiff has stated a cognizable Eighth Amendment claim against Defendant Martinez based on allegations that he recruited other inmates to assault Plaintiff.

### C. First Amendment – Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th

Cir. 2009).

At the pleading stage, the Court finds that Plaintiff has stated a cognizable claim for retaliation against Defendant Martinez in violation of the First Amendment

**D.     Supervisory Liability**

In Claim III, Plaintiff appears to pursue liability against Defendant Warden Anglea and Defendants John Does Kitchen Staff liable based on their supervisory roles. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012)) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Here, Plaintiff has not adequately alleged that Warden Anglea or the John Doe Kitchen staff were personally involved or present at the time of the violation at issue. Further, there is no allegation demonstrating that any of these defendants were aware of any potential risk of harm from the kitchen equipment or that they failed to take reasonable measures to abate any risk. There also is no indication in Plaintiff's allegations that these defendants implemented any policy that was the moving force for any purported constitutional violation.

Further, it is not apparent from the face of Plaintiff's complaint that he exhausted any administrative remedies with respect to his claims against Warden Anglea or the kitchen staff defendants. As indicated above, the PLRA requires that a prisoner exhaust available administrative

6

remedies before bringing a federal action concerning prison conditions

**IV.     Conclusion and Order**

Based on the above, the Court finds that Plaintiff's complaint states cognizable claims against Defendant Martinez for deliberate indifference to serious medical needs in violation of the Eighth Amendment, failure to protect from harm/deliberate indifference in violation of the Eighth Amendment, and retaliation in violation of the First Amendment.  However, Plaintiff's complaint fails to state any other cognizable claims for relief.  Plaintiff will be granted leave to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

If Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on the cognizable claims identified by the Court, he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claim.  The Court will then recommend that the remaining claims and defendants be dismissed from this action, and then initiate the process for service of the complaint.

If Plaintiff wishes to file an amended complaint, any such amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).  Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Within thirty (30) days from the date of service of this order, Plaintiff must either:

    a.     File a first amended complaint curing the deficiencies identified by the Court; or

   b. Notify the Court in writing that he does not wish to file a first amended complaint and he is willing to proceed only on his cognizable claims against Defendant Martinez for deliberate indifference to serious medical needs in violation of the Eighth Amendment, failure to protect from harm/deliberate indifference in violation of the Eighth Amendment, and retaliation in violation of the First Amendment; and

   3. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, without prejudice, for failure to obey a court order and for failure to prosecute.

IT IS SO ORDERED.

  Dated: **May 13, 2019**     /s/ *Barbara A. McAuliffe*
                 UNITED STATES MAGISTRATE JUDGE