# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE DANIEL MORGAN,<br><br>    Plaintiff,<br><br>    v.<br><br>M.G. MARTINEZ,<br><br>    Defendant. | Case No.: 1:18-cv-01047-LJO-BAM (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE, DENYING PLAINTIFF'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT AS MOOT, AND RELIEVING DEFENDANT OF FILING FURTHER STATUS REPORTS<br><br>(ECF Nos. 30, 31, 33) |

    On January 28, 2020, a settlement conference was held before the undersigned and the parties reached a settlement agreement with the terms and conditions of the settlement placed on the record. (Doc. No. 25.) Pursuant to the settlement agreement, on January 29, 2020, the parties filed a stipulation to dismiss this action with prejudice, (ECF No. 28), and the action was terminated by operation of law, (ECF No. 29).

    On July 31, 2020, Plaintiff filed a motion which the Court construed as a motion to enforce the settlement agreement. (ECF No. 30.) Plaintiff contended that he has sent Defendant two letters, but received no response, and he has not received the settlement funds. (Id.)

    On August 5, 2020, the Court directed Defendant to show within seven days why sanctions should not be imposed for failure to comply with the settlement agreement. (ECF No. 31.) Defendant filed a response to the order to show cause on August 12, 2020. (ECF No. 32.)

///

1

Defendant's counsel declared, in pertinent part, the following:

On May 22, 2020, I contacted the California Department of Corrections and Rehabilitation settlement coordinator inbox, the staff responsible for processing settlement, and requested an update regarding the status of payment to Plaintiff.

On June 3, 2020, I was informed by CDCR staff responsible for processing settlements that the settlement papers were being processed, but that the processing had been delayed due to Defendant's counsel's inadvertent mistake in sending the settlement papers to the incorrect inbox. CDCR staff informed me that they could not complete processing of the settlement because, they believed, Plaintiff had not completed his signature on the settlement agreement and release correctly.

On June 16, 2020, I reviewed the settlement agreement and release and determined that Plaintiff had, in fact, correctly completed the settlement agreement and release. On that date, I informed the CDCR settlement coordinator of that fact and instructed that the settlement should be processed as soon as possible. On June 16, 2020, CDCR staff acknowledged that Plaintiff had, in fact, correctly completed the settlement agreement and release.

On August 4, 2020, I contacted CDCR staff regarding the status of the settlement payment to Plaintiff. CDCR staff informed me that they had not processed the settlement papers and referred me to the June 3, 2020 email in which they had previously, but mistakenly, informed me that Plaintiff had not completed his signature correctly on the settlement agreement and release. In response, on August 4, 2020, I informed CDCR staff that this issue had already been resolved and that it had been determined that Plaintiff had correctly completed the settlement agreement and release. I instructed CDCR staff to process the settlement payment to Plaintiff as soon as possible.

(Declaration of Erik Gutierrez ¶¶ 4-7.)  Based on defense counsel's representations, the Court ordered Defendant file a status report regarding the processing of payment pursuant to settlement agreement, within thirty (30) days from the date of service of this order, and every fourteen (14) days thereafter until payment is complete.  (ECF No. 33.)  It was noted that the order to show cause would not be discharged until the settlement payment was fulfilled.  (Id.)

Defendant filed a status report on September 17, 2020, indicating that CDCR was in the process of paying the settlement funds.  (ECF No. 34.)

Defendant filed a second status on September 30, 2020, indicating that the settlement funds has been processed and paid in full to Plaintiff on September 25, 2020.  (ECF No. 35.)  Based on this representation, the Court will discharge the order to show cause, relieve Defendant of filing any

further status reports, and deny Plaintiff's motion to enforce the settlement agreement as rendered moot.

Accordingly, it is HEREBY ORDERED that:

1. The Court's August 5, 2020 order to show cause (ECF No. 31) is DISCHARGED;

2. Plaintiff's motion to enforce the settlement agreement filed on July 31, 2020 (ECF No. 30) is denied as MOOT; and

3. Defendant is relieved of filing further status reports.

IT IS SO ORDERED.

Dated:   **October 1, 2020**

UNITED STATES MAGISTRATE JUDGE

3